# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

TYLER BRENT CLIFTON,

    Plaintiff,

v.

JEFF DAVIS COUNTY, GEORGIA;
JEFF DAVIS COUNTY BOARD OF
COMMISSIONERS; RAY WOOTEN,
HUGH BRANTLEY, WANDA
MARCHANT, and WAYNE HALL,
all Individually and as
Members of the Jeff Davis
Board of Commissioners;
CARLA ROBERTS POWELL,
Individually and as the
County Attorney for Jeff
Davis County, Georgia; JEFF
DAVIS COUNTY SHERIFF'S
DEPARTMENT; and PRESTON
BOHANNON, in His Official
Capacity;

    Defendants.

2:16-CV-108

## ORDER

Defendants (government entities and officials) move to dismiss this civil-rights case. Dkt. No. 7. This motion will be granted in part, as Plaintiff Tyler Brent Clifton's false arrest claim is time-barred and his malicious arrest claim fails to state a claim. For his part, Clifton moves to file a second amended complaint. Dkt. No. 14. This motion will be

AO 72A
(Rev. 8/82)

**DENIED without prejudice.** Clifton must instead file a consolidated complaint within **14** days.

## BACKGROUND

Clifton filed his original complaint on July 8, 2016. Dkt. No. 1. He then filed an amended complaint, the same but for 26 pages of exhibits, on July 23, 2016. Dkt. No. 5. He never served this on Defendants. Dkt. No. 16 at 1-2. Defendants moved to dismiss the original complaint on August 19, 2016. Dkt. No. 7. Then, on September 20, 2016, Clifton moved to file a second amended complaint. Dkt. No. 14.

The second amended complaint claims, among other things, false arrest and malicious arrest based on Clifton's April 4, 2014 arrest, which followed indictment.[1] Dkt. No. 14-1 ¶ 29.

## DISCUSSION

Clifton's false arrest claim is time-barred. His malicious arrest claim fails to state a claim. Otherwise, his complaint needs to be consolidated.

### I. CLIFTON'S FALSE ARREST CLAIM IS TIME-BARRED.

Clifton's claim for false arrest is barred by the statute of limitations. A 42 U.S.C. § 1983 ("Section 1983") false arrest claim and a state false-arrest claim are both subject to Georgia's two-year statute of limitations for personal-

---

[1] Clifton has surrendered an Open Records Act claim, along with all his claims against the Jeff Davis County Sheriff's Department. Dkt. No. 13 at 11, 28. These claims are therefore dismissed with prejudice.

2

injury actions. O.C.G.A. § 9-3-33; Smith v. Mercer, 580 F. App'x 871, 872 (11th Cir. 2014) (per curiam); Brown v. Lewis, 361 F. App'x 51, 54 (11th Cir. 2010) (per curiam). The clock starts when the plaintiff "is detained pursuant to a legal process." Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011) (per curiam) (citing Wallace v. Kato, 549 U.S. 384, 391 (2007)). Clifton was detained on April 4, 2014 following indictment, but did not bring this suit until July 8, 2016. His false arrest claim is thus time-barred.

Clifton argues that the statute of limitations is tolled by O.C.G.A. § 9-3-99, which stops the clock from running against "the victim of an alleged crime" "until the prosecution of such crime or act has become final or otherwise terminated." Clifton claims to be the victim of a criminal arrest. See O.C.G.A. § 16-5-42. By his logic, every arrestee enjoys tolling of false arrest claims for the maximum six years allowed by O.C.G.A. § 9-3-99, unless the arresting officer is fully investigated sooner. The Court rejects Plaintiff's position. The Georgia Court of Appeals has rejected legal interpretations that would lead "virtually all criminal prosecutions . . . [to] result in a civil lawsuit." Pinkston v. City of Albany, 395 S.E.2d 587, 588-89 (Ga. Ct. App. 1990). Presumably, it would even more strongly reject reading O.C.G.A. § 9-3-99 to allow false-arrest claims to be

3

routinely filed six years after the events in question. Federal precedent also counsels against applying O.C.G.A. § 9-3-99 in the manner Plaintiff requests: The Eleventh Circuit has held that statute inapplicable to an arrestee's Section 1983 claims because "she was not the victim of the alleged crime, but instead she was the *defendant*." Bridgewater v. DeKalb Cty. ex rel. Jones, 430 F. App'x 837, 838 (11th Cir. 2011) (per curiam); see also Sims v. Evans, No. 5:15-CV-285, 2015 WL 8773401, at *3 (M.D. Ga. Dec. 14, 2015) (holding no tolling for false-arrest claim).

There is nothing to the contrary in Valades v. Uslu, 689 S.E.2d 338 (Ga. Ct. App. 2009). There, the plaintiffs' false-arrest claim was held not to be tolled because the arresting officer was never prosecuted. Id. at 342. But, as noted by Harrison v. McAfee, 788 S.E.2d 872, 878-79 (Ga. Ct. App. 2016)—which abrogated Valades—Valades "did not make clear on what basis the plaintiffs took the position that they were 'victims' within the meaning of [O.C.G.A. § 9-3-99]." Id. at 875. The Court will not rely on Valades's unspoken assumption, especially not when Harrison minimized it. Thus, Clifton's false arrest claim is time-barred, and so must be dismissed with prejudice.

## II. CLIFTON'S MALICIOUS ARREST CLAIM FAILS.

Clifton's malicious arrest claim fails because a prosecution against him commenced. Malicious arrest and malicious prosecution are mutually exclusive torts, "differ[ing] only in that malicious prosecution contains the additional element of showing that a prosecution was carried on." McCord v. Jones, 311 S.E.2d 209, 210 (Ga. Ct. App. 1983); see also Stephens v. Zimmerman, 774 S.E.2d 811, 815 (Ga. Ct. App. 2015). Here, Clifton alleges that a prosecution against him began. He claims that "Defendants refused to drop the felony indictment" against him for a long time, he "was forced to expended [sic] thousands of dollars in his defense," and he "was forced to defend himself in Court." Dkt. No. 1 ¶¶ 40, 44; see also Dkt. No. 14-1 ¶ 38 (stating government only entered nolle prosequi after "lengthy, contested hearing."). Thus, he cannot pursue a claim for malicious arrest, and so this claim must be dismissed with prejudice.

## III. CLIFTON'S MOTION TO FILE HIS SECOND AMENDED COMPLAINT IS DENIED WITHOUT PREJUDICE.

Clifton's motion to file his second amended complaint cannot be granted now. First, he must bring together all of his allegations, claims, and exhibits in a single, properly served, superseding complaint. Normally, "a case may have one operative pleading only." Marion v. Nickels, No. 09-CV-723,

2010 WL 148686, at *3 (W.D. Wisc. Jan. 14, 2010); accord Parlante v. Cazares, No. CIV S-11-2696, 2012 WL 525690, at *5 n.3 (E.D. Cal. Feb. 16, 2012). Clifton here wants three. There is his original complaint. Dkt. No. 1. There is his first amended complaint, which adds 26 pages of exhibits—and which he never served on Defendants. Dkt. No. 5; Dkt. No. 16 at 1-2. Then, there is his proposed second amended complaint, which tries to incorporate the earlier complaints. Dkt. No. 14-1; but see McDaniel v. Loya, No. CIV 14-0511, 2015 WL 1323506, at *10 (D.N.M. Mar. 6, 2015) ("[A] new complaint . . . replaces the old one.").

Clifton has muddied the waters. Now, he must purify them. He is thus directed to "start from scratch, including in his amended complaint all the allegations that he is relying on." Gursky v. Dep't of Corrs., No. 10-CV-113, 2010 WL 1372382, at *4 (W.D. Wisc. Mar. 30, 2010). "To avoid ambiguity, the complaint must be complete in one document," with all evidentiary exhibits attached. Id. Failure to abide within **14 days** of this Order's issuance will result in dismissal of this case with prejudice for failure to state a claim. See Marion, 2010 WL 148686, at *3.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss (Dkt. No. 7) is **GRANTED in part**, as to Clifton's false arrest

6

claim, malicious arrest claim, Open Records Act claim, and claims against the Jeff Davis County Sheriff's Department. Defendants' Motion to Dismiss is otherwise **DENIED**. Clifton's Motion for Leave to File a Second Amended Complaint is **DENIED without prejudice**. Clifton is **DIRECTED** to file a consolidated complaint within **14 days** of this Order's date or face dismissal of his remaining claims with prejudice.

**SO ORDERED,** this 6th day of April, 2017.

_/s/ Lisa Godbey Wood_
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA