# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TYLER BRENT CLIFTON,

    Plaintiff,

v.

JEFF DAVIS COUNTY, GEORGIA; JEFF DAVIS COUNTY BOARD OF COMMISSIONERS; RAY WOOTEN, HUGH BRANTLEY, WANDA MARCHANT, and WAYNE HALL, all individually and as Members of the Jeff Davis Board of Commissioners; CARLA ROBERTS POWELL, individually and as the County Attorney for Jeff Davis County, Georgia; and PRESTON BOHANNON in his official capacity,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-108

## **O R D E R**

Presently before the Court is Defendants' Renewed Motion to Stay Discovery Pending Ruling on Partial Motion to Dismiss. (Doc. 23.) Plaintiff filed a Response. (Doc. 28.) For the reasons which follow, the Court **DENIES** Defendants' Motion.

## **BACKGROUND**

Plaintiff filed his Complaint pursuant to 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 1983. (Doc. 1, p. 3.) He alleged that he and other private citizens filed open records requests under Georgia law, researched how taxpayer funds were being used in Jeff Davis County, Georgia, and discovered certain financial discrepancies. (Id. at pp. 3–4.) Plaintiff contends he

and another private citizen brought their findings to the Board of Commissioners, who took little action and advised the public to ignore Plaintiff. The Board of Commissioners later voted during an emergency meeting to issue a restraining order against Plaintiff and the other citizen, which was to bar them from demanding records from governmental offices. Around this same time, Plaintiff began constructing a trailer park on his private property. As part of this construction, Plaintiff approached the County Commissioners and told them he planned to install a water line under Lonnie Johnson Road. Plaintiff maintains the Commissioners did not inform him that he could not install this line, nor was he required to obtain the Commissioners' permission to do so. (Id. at p. 5.)

Defendant Powell, the County Attorney, and Defendant Board of Commissioners filed an incident report with the Jeff Davis Sheriff's Office concerning Plaintiff's pipe installation in June 2013. Defendant Bohannon approved the incident report on March 18, 2014, and Plaintiff was indicted for interference of government property and criminal trespass, in violation of Georgia law, on April 1, 2014. (Id. at p. 6.) Plaintiff was arrested three days later. The State of Georgia later dismissed the charges against Plaintiff. Defendants refused to drop the charges against him, despite evidence Plaintiff committed no crime, and Plaintiff had to expend thousands of dollars in his defense. Plaintiff avers Defendants were motivated by animus relating to Plaintiff's open records request. (Id. at p. 7.) Plaintiff filed suit against Defendants for malicious arrest and prosecution under the Fourth Amendment to the United States Constitution, violations of the Georgia Open Records Act, conspiracy, defamation, false arrest and malicious prosecution under Georgia law, and intentional infliction of emotional distress. (Id. at pp. 7–9.)

Defendants filed a Motion to Dismiss Plaintiff's Complaint and an Answer. (Docs. 7, 8.) In their Motion to Dismiss, Defendants contended: Jeff Davis County Sheriff's Department is not

a legal entity subject to suit; Plaintiff's claims for false arrest, defamation, and intentional infliction of emotional distress are barred by the statute of limitations; and his malicious prosecution under federal law, state law malicious prosecution, conspiracy, and Georgia Open Records Act claims all fail. (Doc. 7, pp. 4–25.) Contemporaneously, Defendants filed a Motion to Stay Proceedings pending resolution of their dispositive Motion, (doc. 9), which the Court granted, (doc. 10).

The Honorable Lisa Godbey Wood granted in part Defendants' Motion to Dismiss. In so doing, Judge Wood determined Plaintiff's false arrest claim is time-barred, and his malicious arrest claim failed because a prosecution was commenced against Plaintiff. (Doc. 17, pp. 2–5.) Judge Wood noted Plaintiff surrendered his Open Records Act claims and his claims against the Jeff Davis County Sheriff's Department. (Id. at p. 2 n.1.) Judge Wood allowed Plaintiff to amend his Complaint within fourteen (14) days of her Order. (Id. at pp. 5–6.) Plaintiff filed his Amended Consolidated Complaint on April 13, 2017. (Doc. 18.) Defendants then filed a partial Motion to Dismiss Plaintiff's Consolidated Complaint and a Motion to Stay Discovery Pending Ruling on their Partial Motion to Dismiss. (Docs. 20, 23.) Defendants once again assert Plaintiff's defamation and intentional infliction of emotional distress claims are barred by the statute of limitations. (Doc. 20, pp. 5–7.) Defendants also contend Plaintiff's claims against the remaining Defendants in their official capacities fail. (Id. at pp. 7–16.) Defendants aver Plaintiff's attempt to bring claims in his Consolidated Complaint against Defendant Bohannon in his individual capacity do not relate back to Plaintiff's original Complaint, and those claims are barred by the statute of limitations. (Id. at pp. 16–18.) Plaintiff filed a Response to Defendants' Motion to Stay. (Doc. 28.)

**DISCUSSION**

Defendants contend it appears the dismissal of the majority of Plaintiff's claims is appropriate, as they raise Eleventh Amendment immunity among other defenses and seek dismissal of claims that would greatly expand the scope of discovery if they were to go forward. (Doc. 23, p. 2.) Defendants assert that they should not be subject "to wide-ranging discovery until this Court has the opportunity to rule upon their Motion to Dismiss." (Id. at p. 4.) In addition, Defendants note the Court previously granted a stay of discovery pending resolution of their first Motion to Dismiss.

In response, Plaintiff alleges Defendants do not seek to dispose of the entirety of this case, as opposed to their original Motion. Specifically, Plaintiff notes Defendants do not seek the dismissal of Plaintiff's federal or state malicious prosecution or conspiracy claims, and these claims "are at the heart of this action[.]" (Doc. 28, p. 4.) Thus, Plaintiff alleges this case will proceed into discovery regardless of the Court's disposition of Defendants' Motion to Dismiss. Moreover, Plaintiff maintains that, even if the Court dismisses his official capacity claims against Defendants Wooten, Brantley, Marchant, Hall, and Powell, his individual capacity claims against these Defendants will remain pending. Plaintiff states Defendant Bohannon is a fact witness at the very least. To stay discovery, Plaintiff asserts, would serve only to delay the inevitable—that Defendants will still be required to participate in discovery. (Id. at p. 5.) Plaintiff contends he will be prejudiced if another stay of discovery is granted because the events giving rise to his Complaint arose many years ago, and he needs to obtain discovery before the passage of time fades memories. Finally, Plaintiff asserts Defendants do not explain how a stay would reduce their discovery burden.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

However, courts typically base the stay of discovery on a finding that the dispositive motion could dispose of the entire case or significantly alter the scope of discovery. "'A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. In this regard, the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" Massey v. Fed. Nat'l Mortg. Ass'n, No. CV412-102, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

The Court has been able to take a "preliminary peek" at Defendants' pending Partial Motion to Dismiss certain of Plaintiff's claims. Even if the Court were to grant Defendants' Motion in its entirety, the only substantive claims that would be dismissed would be Plaintiff's defamation and intentional infliction of emotional distress claims. Plaintiff has named all individual Defendants—save Defendant Bohannon—in their individual capacities[1], and these Defendants would be subject to discovery requirements at least in their individual capacities, regardless of whether the official capacity claims will be dismissed. While the discovery as to Defendants in their official capacities may overlap in some manner with discovery in their individual capacities, this is not enough to warrant a stay in discovery at this time. Defendants have not shown that allowing discovery to proceed prior to a ruling on the Motion to Dismiss will significantly expand the scope of discovery. Additionally, as noted above, unlike Defendants' previously filed Motion to Dismiss, Defendants' pending Motion to Dismiss would not be dispositive of the entire case. Moreover, given the amount of time that has already passed since the events giving rise to Plaintiff's claims, there is a danger that additional delay will prejudice the parties' ability to obtain full and accurate discovery. Consequently, the issuance of a stay is not appropriate in this case based on the record before the Court.

---

[1] Plaintiff filed a Motion to Add Defendant Bohannon in his Individual Capacity, to which Defendants responded. (Docs. 29, 30.) That Motion in pending before the Court.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Stay.

**SO ORDERED**, this 15th day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA