# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| TYLER BRENT CLIFTON,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF DAVIS COUNTY, GEORGIA; JEFF DAVIS COUNTY BOARD OF COMMISSIONERS; RAY WOOTEN, HUGH BRANTLEY, WANDA MARCHANT, and WAYNE HALL, all Individually and as Members of the Jeff Davis Board of Commissioners; CARLA ROBERTS POWELL, Individually and as the County Attorney for Jeff Davis County, Georgia; and PRESTON BOHANNON, in His Official Capacity;<br><br>    Defendants. | 2:16-CV-108 |

## ORDER

Defendants move to partially dismiss Plaintiff Tyler Clifton's civil rights complaint. Dkt. No. 20.[1] The motion is **GRANTED in part and DENIED in part** for the reasons below.

---

[1] The Court directed Clifton to file his currently operative complaint in a previous order. Dkt. No. 17 at 7. Clifton did so, then moved for permission to do so. Dkt. Nos. 18, 19. That motion was unnecessary, but is **GRANTED**.
   Clifton also moves to add Defendant Preston Bohannon in his individual capacity. Dkt. No. 29. Defendants do not oppose this motion per se, only raising objections to certain claims that will be discussed below. Dkt. No. 30. This motion is also **GRANTED**.

**BACKGROUND**

As it must at this stage of the case, the Court assumes the truth of the facts alleged in Clifton's currently operative complaint, dkt. no. 18. Clifton looked into Defendant Jeff Davis County, Georgia's finances. Dkt. No. 18 ¶¶ 13-14, 16. That upset several of the Defendants who are Jeff Davis County officials. Id. ¶¶ 15-21.

Then, Clifton started building a trailer park. Id. ¶ 23. His next-door-neighbor, Defendant Commissioner Wayne Hall, was not happy about that. Id. ¶ 24. Clifton approached the Commissioners about putting in a water line underneath a road that the county did not own, even though he did not need their permission to do so. Id. ¶¶ 25-27, 29. They "did not specifically tell [Clifton] that he could not." Id. ¶ 27. So, on June 1, 2013, he did. Id. ¶ 28.

Three days later, Hall told Clifton that he was angry about the water line and the installation of a trailer. Id. ¶ 31. The next day, June 5, 2013, Defendant County Attorney Carla Powell and Defendant Jeff Davis Board of County Commissioners filed an incident report regarding the water line with the local sheriff's office. Id. ¶ 32. The county had not previously prosecuted or fined anyone for putting in water lines under roads, even though—unlike Clifton—some people actually damaged the roads in doing so. Id. ¶ 33.

The incident report was not the end of Defendants' involvement. Powell "personally researched the law and instigated [Clifton's] arrest and prosecution together with the other Defendants." Id. ¶ 34. They did so even though they "had evidence that the road was not damaged and that the County did not own the land" beside or under the road. Id.

Defendant Sheriff Preston Bohannon approved the incident report on March 18, 2014. Id. ¶ 37. Clifton was indicted by grand jury for criminal trespass and interfering with government property on April 1, 2014. Id. ¶¶ 38-39. These charges were more serious than one for damage to county roads. Id. ¶¶ 41-43. They were chosen due to Defendants' intervention. Id. ¶ 43.

Clifton was arrested on April 4, 2014. Id. ¶ 40. He "was told that he needed to be taught a lesson," and his attorney "was informed that the County was just trying to prove a point." Id. ¶ 44. Clifton "was also told that the felony charges might be dropped if he agreed to apologize to Defendants." Id. He spent several thousand dollars on his case. Id. ¶ 47. Then, the prosecution nol prossed the charges. Id. ¶ 49.

Clifton filed this lawsuit on July 8, 2016. Dkt. No. 1. He alleges malicious prosecution under federal and state law, conspiracy, defamation, and intentional infliction of

emotional distress. Dkt. No. 18. Defendants moved to partially dismiss the case, and their motion is now ripe for disposition. Dkt. Nos. 20, 27.

### LEGAL STANDARDS

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Iqbal, 556 U.S. at 678. It has to "contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001). Although a court must assume the truthfulness of the complaint's factual allegations, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**DISCUSSION**

Clifton's defamation claim is time-barred. His infliction of emotional distress one is not. Some of his official-capacity contentions fail to state a claim.[2]

**I. CLIFTON'S DEFAMATION CLAIM IS TIME-BARRED.**

Clifton's defamation claim is time-barred. A defamation claim is subject to a one-year statute of limitations. O.C.G.A. § 9-3-33. This suit was filed on July 8, 2016. Dkt. No. 1. Clifton has not pointed to any defamatory statement made on or after July 8, 2015. He raises no reason for equitable tolling that the Court has not already rejected. Dkt. No. 17 at 3-4; Dkt. No. 27 at 10. Clifton's defamation claim must be dismissed.

**II. CLIFTON'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM IS NOT TIME-BARRED.**

Clifton's intentional infliction of emotional distress claim is timely. An intentional infliction of emotional distress claim is subject to a two-year statute of limitations. Fitzpatrick v. Harrison, 854 F. Supp. 2d 1334, 1338 (S.D. Ga. 2010) (citing Valades v. Uslu, 689 S.E.2d 338, 341 (Ga. Ct. App. 2009) (citing O.C.G.A. § 9-3-33), overruled in part on other grounds by Harrison v. McAfee, 788 S.E.2d 872, 879 (Ga. Ct. App. 2016)). Again, this suit was filed on

---

[2] Defendants' motion is denied insofar as it was withdrawn, as to claims against Sheriff Bohannon individually. Dkt. No. 20 at 16-18; Dkt. No. 30 at 1-2.

July 8, 2016, so the question is whether Clifton adequately alleged any infliction of emotional distress dating from July 8, 2014 or later. Dkt. No. 1. Clifton was arrested on April 4, 2014, and his state criminal case was nol prossed on April 13, 2016. Dkt. No. 18 ¶ 40; Dkt. No. 27 at 11. Defendants contend that Clifton only alleges wrongdoing "*prior* to his indictment and arrest." Dkt. No. 20 at 6. This is incorrect. Dkt. No. 18 ¶ 34; accord Dkt. No. 27 at 10-11. Given this, and that Defendants concede the timeliness of Clifton's claim insofar as it is against Sheriff Bohannon individually, dkt. no. 30 at 2, this claim survives.

### III. SOME OF CLIFTON'S OFFICIAL-CAPACITY CLAIMS FAIL.

Clifton's claims against Sheriff Bohannon in his official capacity are dismissed. Dkt. No. 27 at 12 (conceding these).

Clifton's claims against Powell in her official capacity, particular Jeff Davis County Commissioners in their official capacity, and the Jeff Davis County Board of Commissioners "are duplicative of [his] suit" against Jeff Davis County, Georgia and so are dismissed. SP Frederica, LLC v. Glynn County, 173 F. Supp. 3d 1362, 1375 (S.D. Ga. 2016); Gonser v. Twiggs County, 182 F. Supp. 2d 1253, 1256-57 (M.D. Ga. 2002), aff'd, 88 F. App'x 389 (11th Cir. 2003) (unpublished table); cf. Franklin v. Warren County D.A.'s Office, No. 1:08-CV-801, 2009 WL 161314, at *5 (N.D.N.Y. Jan. 21, 2009).

But Clifton's claims against Jeff Davis County, Georgia survive.  Liability under 42 U.S.C. § 1983 "may be imposed for a single decision by municipal policymakers" because even "a single decision by its properly constituted legislative body . . . unquestionably constitutes an act of official government policy."  <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986).  That decision need not even be in writing.  <u>Id.</u>  Here, Clifton alleges that the Commissioners and Powell filed the incident report, encouraged prosecutors to indict and prosecute Clifton, and interfered with the prosecution and criminal investigation.  Dkt. No. 18 ¶¶ 32, 34, 43, 52.  This is enough to survive dismissal.

## CONCLUSION

Clifton's Renewed Motion for Leave to File an Amended Complaint, dkt. no. 19, is **GRANTED**.

Clifton's Motion to Add Defendant Preston Bohannon in His Individual Capacity, dkt. no. 29, is **GRANTED**.

Defendants' Partial Motion to Dismiss, dkt. no. 20, is **GRANTED in part and DENIED in part**.  Count III is **DISMISSED**.  All claims against the Jeff Davis County Board of Commissioners; Wooten, Brantley, Marchant, Hall, and Powell in their official capacities; and Sheriff Bohannon in his official capacity are **DISMISSED**.

**SO ORDERED**, this 17th day of July, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA