# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TYLER BRENT CLIFTON,

    Plaintiff,

v.

JEFF DAVIS COUNTY, GEORGIA; and
RAY WOOTEN, HUGH BRANTLEY,
WANDA MARCHANT, WAYNE HALL,
CARLA ROBERTS POWELL, and
PRESTON BOHANNON, all in their
individual capacities,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-108

## O R D E R

Presently before the Court are Plaintiff's Motion to Compel, (doc. 48), and his Motion to Withdraw his Motion to Compel, (doc. 50). The Court **GRANTS** Plaintiff's Motion to Withdraw and **DISMISSES as moot** his Motion to Compel. However, the Court finds it prudent to explain why it would have dismissed Plaintiff's Motion to Compel had Plaintiff not filed his Motion to Withdraw.

In his Motion to Compel, Plaintiff stated he served a subpoena upon Association County Commissioners of Georgia ("ACCG") requesting listserv postings Defendant Carla Powell made to a Georgia county attorney listserv. (Doc. 48, p. 1.) Plaintiff asserted the subpoena required a response by September 13, 2017, but ACCG had not responded to the subpoena as of the date of his Motion, September 18, 2017. (Id.) However, Plaintiff did not attach any sort of certification to his Motion to Compel that established Plaintiff made a good faith attempt to resolve this dispute with ACCG before bringing the instant Motion. Instead, Plaintiff states in his Motion to

Withdraw that he wishes to withdraw his Motion to Compel because ACCG provided him with the requested information after the time he filed his original Motion to Compel. (Doc. 50, p. 1.) Thus, it appears Plaintiff did not make efforts to resolve this dispute with ACCG (or even Defendant Powell's counsel) prior to the filing of his Motion to Compel.

Consequently, the Court would have dismissed Plaintiff's Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(1), which requires a movant to certify that he has made a good faith effort to resolve a discovery dispute prior to moving for an order compelling a disclosure or discovery. In addition, Plaintiff's Motion ran afoul of this Court's Local Rule 26.5. ("Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."). This Court has applied these duties to confer in the Rule 45 subpoena context. Herrera-Velazquez v. Plantation Sweets, Inc., No. CV614-127, 2015 WL 5613195, at *5 n.6 (S.D. Ga. Sept. 23, 2015) (citing Hernandez v. Hendrix Produce, Inc., 297 F.R.D. 538, 539, 2014 WL 953503 at *1 (S.D. Ga. Mar. 10, 2014)); St. Johns Ins. Co. v. Nautilus Ins. Co., 2008 WL 1897572 at * 1 (M.D. Fla. Apr. 28, 2008) (applying duty to confer obligation to motions to quash and to compel in a subpoena-based discovery dispute)).

Further, the Court's Rule 26 Instruction Order in this case sets forth the steps parties must undertake before filing "any discovery motions", including a motion to compel. (Doc. 3, p. 5.) The parties must attempt to "informally resolve all discovery issues and disputes without the necessity of Court intervention[]" by first conferring and complying with the Federal Rules of Civil Procedure and the Local Rules and "by undertaking a sincere, good faith effort" to resolve the difference. (Id.) If informal resolution does not work, the parties are to schedule a telephonic conference with the Court in an effort to resolve the dispute before a motion is filed. If the parties

still are unable to resolve the dispute, only then will the Court entertain a discovery motion. (Id. at p. 6.) Additionally, the Court forewarned the parties that it would not entertain any discovery motion unless the parties complied with its instructions, including engaging in a "sincere, good faith effort to resolve the dispute." (Id.)

The Court takes this opportunity to remind counsel of these important measures that must be followed before any discovery motion is filed. Compliance with these rules and directives will prevent the parties and counsel from needlessly expending resources litigating disputes that could be resolved with a few phone calls and avoid time-consuming discovery motions practice that is often far attenuated from the actual substance of the parties' claims. The Court is pleased that Plaintiff and ACCG were able to resolve this dispute without Court intervention. However, in the future, that effort must be made before a discovery motion is filed.

**SO ORDERED**, this 29th day of September, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA