# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TYLER BRENT CLIFTON,

    Plaintiff,

v.

JEFF DAVIS COUNTY, GEORGIA; and
RAY WOOTEN, HUGH BRANTLEY,
WANDA MARCHANT, WAYNE HALL,
CARLA ROBERTS POWELL, and SHERIFF
PRESTON BOHANNON, all in their
individual capacities,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-108

## O R D E R

This matter is before the Court on Defendants' Motion to Strike the Affidavit of Steve Toler. (Doc. 67.) Plaintiff filed a Response. (Doc. 72.) For the reasons set forth below, the Court **DENIES** Defendants' Motion.

## BACKGROUND

Plaintiff filed his Complaint on July 8, 2016, stating that he and other citizens researched the use of taxpayer funds in Jeff Davis County, Georgia, including the use of special purpose local option sales tax ("SPLOST") funds and monies the director of the Recreation Department and certain Sheriff's Department employees spent. (Doc. 1, p. 3.) According to Plaintiff, his actions "upset numerous Jeff Davis County employees." (Id. at p. 4.) Plaintiff alleges that Defendants later conspired to "effectuate[] and encourage[] [his] arrest and prosecution," "negligently or willfully prevented Plaintiff from obtaining open records," defamed Plaintiff, and intentionally inflicted emotional distress upon him as a result of Plaintiff's investigation of the

expenditure of public funds. (Id. at pp. 7–10.) Plaintiff later filed an amendment to his Complaint. (Doc. 5.) Defendants filed a motion to dismiss, to which Plaintiff responded. (Docs. 7, 13, 15, 16.) The Court granted the motion in part, finding that Plaintiff's false arrest claim was time barred and that he failed to state a malicious arrest claim. (Doc. 17, pp. 2–5.) The Court also determined Plaintiff surrendered his Open Records Act claim and all claims against the Jeff Davis County Sheriff's Department. (Id. at p. 2 n.1 (citing Doc. 13, pp. 11, 28).) The Court also directed Plaintiff to file a single, amended complaint. (Id. at pp. 5–6.)

Plaintiff filed his Amended Complaint on April 13, 2017. (Doc. 18.) The remaining Defendants moved to dismiss certain portions of Plaintiff's Amended Complaint. (Doc. 20.) On July 17, 2017, the Court found Plaintiff's defamation claim was time barred, but his intentional infliction of emotional distress claim was not. (Doc. 40, pp. 4–6.) The Court dismissed Plaintiff's official capacity claims against the Jeff Davis County Board of Commissioners and Defendants Wooten, Brantley, Marchant, Hall, Powell, and Bohannon. (Id. at pp. 6–7.)

Plaintiff then filed another Amended Complaint against Defendants and set forth federal and state malicious prosecution claims, a conspiracy claim, and an intentional infliction of emotional distress claim. (Doc. 43.) The Court entered an Amended Scheduling Order on October 3, 2017, and the parties were to complete written discovery by November 14, 2017, and *de ben esse* depositions by January 29, 2018, and file civil motions by December 18, 2017. (Doc. 53, pp. 2–3.)

Defendants filed their summary judgment motion on December 18, 2017. (Doc. 56.) Plaintiff responded on January 22, 2018, and included the affidavit of Steve Toler. (Docs. 61, 61-24.) Defendants filed a reply on February 20, 2018. (Doc. 68.) On this same date,

Defendants filed their Motion to Strike, (doc. 67); Plaintiff responded on March 13, 2018, (doc. 72).

## DISCUSSION

Defendants move pursuant to Federal Rule of Civil Procedure 37(a)(1) for the Court to strike to affidavit of Steve Toler, which Plaintiff filed in opposition to Defendants' motion for summary judgment. (Doc. 67, p. 1.) Defendants assert Plaintiff failed to name Mr. Toler in his Rule 26(a) disclosures as a person who might have helpful information in this litigation. (Id. at p. 2.) Nevertheless, Defendants contend they named Mr. Toler in their disclosures, identifying him as a former Jeff Davis County Commissioner, and stated Mr. Toler could be contacted through Defendants' counsel. (Id.) Defendants maintain Mr. Toler was not mentioned until Plaintiff responded to their summary judgment motion, and they had no notice Plaintiff intended to rely on Mr. Toler in this case. Defendants note Mr. Toler's affidavit is dated less than three (3) weeks after Plaintiff made his Rule 26(a) disclosures, yet he never amended his disclosures to identify Mr. Toler as a person he would use to support his claims or defenses, did not set out the substance of that support, or identify Mr. Toler's affidavit as documentary support for his claims or defenses. (Id. at pp. 2–3.) In addition, Defendants note discovery did not close in this case until November 14, 2017, more than three (3) months after Mr. Toler's affidavit is dated, yet Plaintiff still did not disclose him. (Id. at p. 5.) According to Defendants, Plaintiff's failure to comply with Rule 26 was not substantially justified or harmless, and Mr. Toler's affidavit should be stricken from the record as a result. (Id. at p. 3.) In the alternative, Defendants request that the Court re-open discovery so that they can depose Mr. Toler and allow them to modify and re-submit their summary judgment motion, if necessary. (Id. at p. 9.)

Plaintiff responds that he approached Mr. Toler only after Defendants' counsel agreed that ex-commissioners were akin to ex-employees, i.e., they could be contacted directly by opposing counsel. (Doc. 72, p. 2.) Plaintiff avers he held Mr. Toler's affidavit as impeachment evidence since Defendants listed him as someone with relevant information. (Id.) Moreover, Plaintiff maintains he mentioned Mr. Toler during his deposition, which occurred on November 15, 2017. (Id. at p. 3 (quoting Doc. 57-5, p. 82).) Plaintiff contends he was not required to disclose Mr. Toler under Rule 26(a) because he and the basic substance of his testimony had "otherwise been made known." (Id. at p. 4.) Further, Plaintiff states that the fact thatMr. Toler was identified during the taking of his deposition supports his argument that no supplementation was required. (Id. at p. 6.) Plaintiff also avers Mr. Toler's affidavit should be admissible for impeachment purposes, as Defendants have "repeatedly testified" they left the decision to indict Plaintiff to law enforcement and did not have, or could not recall having, any meetings about him. (Id. at pp. 6–7.)

Except under certain circumstances not relevant here, a party "must, without awaiting a discovery request, provide . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Additionally, a party who has made its initial disclosures pursuant to Rule 26(a) "or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); McIntyre v. Marriot Ownership Resorts, Inc., No. 13-80184-Civ, 2015 WL 162948, at *7 (S.D. Fla. Jan. 13, 2015). The non-disclosing party has the "burden of establishing that a failure to disclose was substantially justified or harmless." Ojeda-Sanchez v. Bland Farms, LLC, No. 6:08CV096, 2010 WL 2382452, at *1 (S.D. Ga. June 14, 2010) (citing Mitchell v. Ford Motor Co., 318 F. App'x 821, 825 (11th Cir. 2009) (per curiam)). If a party fails to comply with Rule 26, a court acts within its discretion "by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c)." Faulk v. Volunteers of Am., 444 F. App'x 316, 317–18 (11th Cir. 2011) (per curiam).

Likewise, "[t]he district court has broad discretion in determining whether a violation is justified or harmless." Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citing Catalina Rental Apts., Inc. v. Pacific Ins. Co., No. 06-20532-CIV, 2007 WL 1050634, at *2 (S.D. Fla. Apr. 03, 2007)), *aff'd*, 523 F. App'x 580 (11th Cir. 2013) (per curiam).

> [I]n exercising its broad discretion to determine whether a [Rule 26 violation] is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. (alterations in original) (citing Two Men & a Truck Int'l, Inc. v. Res. & Commercial Trans. Co., No. 4:08-cv-067, 2008 WL 5235115, at *2 (N.D. Fla. Oct. 20, 2008)).[1]

---

[1] Other courts have distilled these factors to three: "'(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify.'" Godwin v. Wellstar Health Sys., Inc., No. 1:12-CV-3752-WSD, 2015 WL 7313399, at *2 (N.D. Ga. Nov. 19, 2015) (quoting Bearint ex rel. Bearint v. Dorell Juvenile

5

In this case, Plaintiff did not name Mr. Toler or provide the nature of his information in his Rule 26(a) disclosures. However, Defendants did. (Doc. 72, p. 3 (citing Doc. 67, p. 23).) Thus, Plaintiff arguably was under no obligation to disclose Mr. Toler to Defendants because they were already aware of his existence as someone who might have knowledge of the facts underlying this cause of action, and they had identified Mr. Toler as such in their disclosures. Graley v. TZ Ins. Sols., LLC, No. 2:14-CV-636-FTM-CM, 2016 WL 4595066, at *3 (M.D. Fla. Sept. 2, 2016) ("[F]ailure to initially disclose a witness that was either known to the opposing party or became known through discovery is harmless[.]") (citing Baldeo v. Dolgencorp, LLC, No. 8:12-cv-08762, 2014 WL 4749049, at *6–7 (M.D. Fla. Sept. 23, 2014); Cox v. Worldpay US, Inc., No. 8:13-cv-668-T-36TBM, 2014 WL 4417855, at *2–3 (M.D. Fla. Sept. 8, 2014);[2] FTC v. Peoples Credit First, LLC, No. 8:03 CV 2353 T 17TBM, 2005 WL 1785219, at *2 (M.D. Fla. July 26, 2005); Burden v. City of Opa Locka, No. 11-22018-CIV, 2012 WL 4764592, at *6–9 (S.D. Fla. Oct. 7, 2012)); Martin v. Wal-Mart Stores, Inc., No. 2:10-CV-268-KS-MTP, 2011 WL 6370107, at *2 (S.D. Miss. Dec. 19, 2011) (citing Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004); EEOC v. Gen. Dynamics Corp., 999 F.2d 113, 115 (5th Cir. 1993)). Because Plaintiff arguably had no duty to re-disclose a relevant individual already known to Defendants such as Mr. Toler, any purported Rule 26 violation was "substantially justified."

---

Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004)). These factors are essentially the same, whether set forth as three or five.

[2] In Cox, the plaintiff sought to strike an affidavit submitted by the defendant in support of its motion for summary judgment. 2014 WL 4417855, at *2. The plaintiff argued that the defendant failed to disclose the affiant in its Rule 26 initial disclosures, failed to list the affiant in its response to the plaintiff's interrogatories, and prevented the plaintiff from deposing the affiant by not permitting her to depose the affiant after the discovery deadline. Id. The court found that, because the plaintiff listed the declarant in her own Rule 26 disclosures, the defendant was not required to do so. Id.

Moreover, even if Plaintiff had such a duty to disclose under Rule 26, any such breach of that duty was "harmless." Abdulla, 898 F. Supp. 2d at 1359 (deficient export report did not prejudice the opposing party where it provided notice and an opportunity to prepare its case); contra Nance v. Ricoh Electronics, Inc., 1:06-cv-2396-RWS, 2008 WL 926662, at *3 (N.D. Ga. Apr. 4, 2008) (finding that a plaintiff's non-compliance with Rule 26(a) was not harmless because defendant did not have the opportunity to depose the witnesses); see also Ross v. Corp. of Mercer Univ., 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007) (holding that party's failure to identify witnesses during discovery not harmless because opposing party "has not had the chance to refute the alleged facts" attested to by those witnesses). As noted above, Mr. Toler was "made known" to Defendants through their own disclosures and Plaintiff's testimony at his deposition. Additionally, Defendants were aware no later than July 21, 2017, that it was at least a possibility that Plaintiff was interested in contacting ex-commissioners such as Mr. Toler. (Doc. 72, p. 2; Doc. 72-1, p. 2.) Further, Plaintiff detailed the conversation he and Mr. Toler had during his deposition, which was taken on November 15, 2017. (Doc. 57-5, p. 82.) Defendants thus had ample notice and opportunity to investigate and analyze the evidence Mr. Toler supplies in his affidavit. What is more, Defendants were able to make argument in rebuttal to Mr. Toler's affidavit in their reply to Plaintiff's response to their motion for summary judgment. (Doc. 68, pp. 2–4.) Thus, any prejudice Defendants may have suffered due to Plaintiff's failure to disclose Mr. Toler under Rule 26(a)—if he even had a duty to make such a disclosure—has been alleviated. Accordingly, Rule 37 sanctions are not appropriate.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion to Strike Mr. Toler's Affidavit. (Doc. 67.)

**SO ORDERED**, this 9th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA