FILED
Scott L. Poff, Clerk
United States District Court

*By Ericka Sharpe at 11:59 am, Oct 26, 2018*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TYLER BRENT CLIFTON,

    Plaintiff,

v.

JEFF DAVIS COUNTY, GEORGIA; and RAY WOOTEN, HUGH BRANTLEY, WANDA MARCHANT, WAYNE HALL, CARLA ROBERTS POWELL, and SHERIFF PRESTON BOHANNON, all in their individual capacities,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-108

## **O R D E R**

This matter, in which Plaintiff Tyler Clifton claims various violations of his civil rights, is before the Court on Defendants' Motion for Summary Judgment. (Doc. 56.) Plaintiff filed a Response, (doc. 61), and Defendants subsequently filed a Reply, (doc. 68). After considering the parties' submissions, the Court finds that supplemental briefing necessary regarding the issues of qualified immunity and official immunity.

In the Motion for Summary Judgment, the Defendants who are being sued in their individual capacities assert the defense of qualified immunity as to Plaintiff's 42 U.S.C. § 1983 malicious prosecution claim, (doc. 56-2, p. 16), and all the Defendants claim official immunity from Plaintiff's claims brought under Georgia law, (id. at p. 24). These immunities are considered "an entitlement not to stand trial rather than a mere defense to liability," Roberson v. McIntosh Cty. Sch. Dist., 755 S.E.2d 304, 306 (Ga. Ct. App. 2014) and they are thus "effectively lost if a case is erroneously permitted to go to trial." White v. Pauly, ___ U.S. ___, 137 S. Ct. 548, 552

(2017) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Here, neither Plaintiff nor Defendants have presented their arguments regarding immunity with sufficient specificity for the Court to decide either issue. As a result, additional briefing is necessary to avoid an erroneous denial.[1]

Thus, the Court **ORDERS** the parties to file supplemental briefs that conform to the following specifications and the Court's Local Rules. On or before November 16, 2018, counsel for Defendants shall file a supplemental brief that clarifies the bases upon which each Defendant claims entitlement to qualified and/or official immunity. Within fourteen (14) days of Defendants' supplemental brief, Plaintiff shall file a supplemental brief that responds to Defendants' immunity arguments and explains why each Defendant is not entitled to immunity on the grounds claimed. Defendants must file any reply within fourteen (14) days of Plaintiff's response brief.

**SO ORDERED**, this 26th day of October, 2018.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Specifically, Defendants present their arguments as a group (rather than as to each Defendant or type of Defendant) and they rely in part on the Eleventh Circuit Court of Appeals' description of the burden of proof in this context, despite the fact that the language Defendants quote was later retracted by that court. (See Doc. 56-2, p. 17) (quoting and relying upon Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993), which was modified by Post v. City of Fort Lauderdale, 14 F.3d 583 (11th Cir. 1994)). Meanwhile, Plaintiff attempts to refute Defendants' qualified immunity arguments by essentially "alleging [a] violation of extremely abstract rights," White, ___ U.S. ___, 137 S. Ct. at 552, which does not assist the Court in determining whether the relevant law was clearly established. Additionally, Plaintiff dedicates a mere six sentences to the issue of official immunity under Georgia law. (Doc. 62, p. 25.)